UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
:
SALVATORE DAVI,
:
    Plaintiff,
:
      -against-
:     COMPLAINT
SAMUEL D. ROBERTS, COMMISSIONER, NEW YORK
STATE OFFICE OF TEMPORARY AND DISABILITY   :
ASSISTANCE, in his individual and official capacity,
:     Index No. 16-cv-5060
SAMUEL SPITZBERG, DIRECTOR, OFFICE OF AD-
MINISTRATIVE HEARINGS, NEW YORK STATE   :
OFFICE OF TEMPORARY AND DISABILITY
ASSISTANCE, in his individual and official capacity,   :

WILMA BROWN-PHILIPS, DEPUTY COMMISSION-   :
ER, NEW YORK STATE OFFICE OF TEMPORARY
AND DISABILITY ASSISTANCE, in her individual and   :
official capacity,
:
ERIC SCHWENZFEIER, ASSISTANT DEPUTY COM-
MISSIONER, NEW YORK STATE OFFICE OF   :
TEMPORARY AND DISABILITY ASSISTANCE,
in his individual and official capacity,   :

KRISTA ROCK, GENERAL COUNSEL, NEW   :
YORK STATE OFFICE OF TEMPORARY AND DIS-
ABILITY ASSISTANCE, in his individual and official   :
capacity,
:
DONNA FARESTA, DIRECTOR OF HUMAN RE-
SOURCES, NEW YORK STATE OFFICE OF TEMP-   :
ORARY AND DISABILITY ASSISTANCE, in her
individual and official capacity, and   :

SHARON DEVINE,   :

    Defendants.   :

-----------------------------------------------------------------------x

COMPLAINT

1.     This complaint seeks relief for violation of Plaintiff's free speech rights under the First and Fourteenth Amendments to the United States Constitution. Plaintiff communicated his views off-duty, as a private citizen and without identifying his employment status, on issues of significant public interest (social welfare programs) in a Facebook conversation with a relatively small group of individuals. As a consequence of this speech, Defendants subsequently suspended him for six months without pay from his job as a civil servant in New York, and he was passed over for a promotion.

Jurisdiction and Venue

2.     This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 over this action because it arises under the United States Constitution and because Plaintiff seeks relief under 42 U.S.C. § 1983, a statute providing for the protection of civil rights.

3.     Venue is proper in this Court because a substantial part of the events giving rise to this case took place in this district. Plaintiff is employed in Brooklyn.

Parties

4.     Plaintiff Salvatore Davi is a resident of Nassau County. He is a New York State classified civil service employee of the Office of Temporary and Disability Assistance ("OTDA").

5. OTDA is an agency of the State of New York. Each of the Defendants was and/or is an employee of OTDA, and all of the conduct of those Defendants described herein was taken under color of state authority.

6. Defendant Samuel Roberts is the Commissioner of New York's OTDA and was so at the time of the events described in this complaint. He is responsible for the employment decisions described herein.

7. Defendant Samuel Spitzberg is the Director of the Office of Administrative Hearings at OTDA, and was so at the time of the events described in this complaint.

8. Defendant Wilma Brown-Philips is a Deputy Commissioner at OTDA, and was so at the time of the events described in this complaint.

9. Defendant Eric Schwenzfeier is an Assistant Deputy Commissioner at OTDA, and was so at the time of the events described in this complaint.

10. Defendant Krista Rock is the General Counsel at OTDA, and was so at the time of the events described in this complaint.

11. Defendant Donna Faresta is the Director of Human Resources at OTDA, and was so at the time of the events described in this complaint.

12. All of the foregoing Defendants are sued in both their official and individual capacities.

13.     Defendant Sharon Devine was the Executive Deputy Commissioner at OTDA during the time of the events described in this complaint.  She is sued in her individual capacity.

Background

14.     OTDA hired Plaintiff in January 2010 as a Hearing Officer/Administrative Law Judge (G-25) to work in OTDA's Office of Fair Hearings in Brooklyn, New York.

15.     In that job, Plaintiff heard appeals from initial denials of eligibility for various public assistance programs.  Appearing before him at these hearings were the applicants for the benefits and the New York City agencies that had made the initial determination to deny benefits.

16.     Plaintiff did not make any final decisions, but rather recommendations.  His recommendations were reviewed by, and a determination made by, a Supervising Hearing Officer ("SHO").

17.     Those determinations by an SHO were subject to further appeal within OTDA.

18.     Plaintiff's performance reviews were all satisfactory, and he has been described as an exemplary employee.

19.     Plaintiff had never been accused of bias in any of the thousands of individual appeals for which he had made recommendations.

20.     Plaintiff had recommended 95% of the time in favor of the applicant for aid.

21. In late October, 2015, Plaintiff responded to a Facebook posting by another Facebook user of an article that lauded the success of some social welfare programs. Plaintiff argued in his response that the article had used the "wrong metric" in assessing social welfare programs, and that they should be judged by how well they allow the recipients to get back on their feet.

22. In subsequent posts, Plaintiff asserted that, while there was a need for a social safety net, it had to be limited in order to avoid rewarding indolence and providing incentives for people to remain in the programs.

23. The posts were all on a "private" Facebook page. They could not be seen by the general public. Plaintiff did not identify himself as an OTDA employee.

24. None of the posts for which Plaintiff was eventually disciplined made any specific reference to any law or regulation with respect to which he made recommendations, but rather only discussed the underlying policy considerations for social welfare programs generally.

25. None of the posts mentioned any specific applicant for aid, much less someone who had appeared before Plaintiff.

26. One of the other participants in the conversation made an anonymous complaint to OTDA concerning Plaintiff's expressions of opinion. The contents of the Facebook conversation were also communicated to a Legal Aid agency that assists individuals seeking benefits in the hearing process.

27. In response to the anonymous complaint, OTDA, through defendants, removed Plaintiff from the duty of hearing cases on November 4, 2015 and assigned him other duties. Plaintiff remained in the title of Hearing Officer at that time.

28. OTDA "investigated" the underlying allegations of this anonymous complaint. As part of this investigation, Defendant Spitzberg contacted one or more of the SHOs who had supervised Plaintiff. From this, Defendant Spitzberg learned that Plaintiff's SHOs believed that Plaintiff's work was fair and unbiased. Plaintiff's SHO at that time told Spitzberg that there was no evidence that Plaintiff's personal views on social welfare programs had influenced any recommendation that he had made, and that disciplining him for those beliefs would violate Plaintiff's free speech rights.

29. As part of this "investigation," Defendants sent several other OTDA employees to interview Plaintiff on November 13, 2015.

30. In fact, though, Defendants already had determined to discipline Plaintiff for his views prior to the interview. At the end of the interview, Plaintiff was given a Notice of Suspension dated November 13, 2015 that had been signed by Defendant Faresta before the interview began. The notice was supported and approved by the other Defendants. Pursuant to this notice, OTDA suspended him without pay on that date.

31. Under the terms of a Collective Bargaining Agreement (CBA) to which OTDA was subject, it was obligated to serve a Notice of Discipline within five (5) days of the service of the Notice of Suspension. Pursuant to Defendants' instructions, OTDA did not do so.

32. Despite Legal Aid's possession of the Facebook communications, no applicant to any of the social welfare programs for whom Plaintiff had recommended a denial or limitation of benefits (that is, where Plaintiff had agreed with the New York City agency's initial determination) sought any rehearing or reconsideration of Plaintiff's recommendations, or any rulings of his SHO, based on his expressions of opinion on a private Facebook page. Nor did any appeal of his SHO's rulings rely upon those expressions of opinion.

33. Although he had not been hearing cases since November 4, 2015, Plaintiff's name continued to appear on OTDA's published docket of cases as the Hearing Officer on cases throughout November 2015. The applicant for benefits on those cases would not learn that Plaintiff was not the Hearing Officer on his or her case until arriving for the hearing. No applicant for benefits with a hearing on which Plaintiff was the identified Hearing Officer sought to recuse Plaintiff from his or her hearing.

34. On December 29, 2015, OTDA sent Plaintiff a Notice of Discipline signed by Defendant Spitzberg proposing to terminate him for the "misconduct" of his Facebook postings.

35. The Notice of Discipline was sent at the direction of Defendant Roberts, and with the approval of each of the other Defendants.

36. Defendants discriminate on the basis of viewpoint. Various Hearing Officers and other employees who have spoken concerning the propriety of social welfare programs, but who have advocated their expansion or who have criticized the New York City agencies or other service providers that appear before OTDA to defend their decisions, have not been punished for

the content of their speech. Defendants have not asserted that the speech and views of those other Hearing Officers could be construed as bias against the agencies, much less a disqualifying bias. In contrast, Defendants claim that Plaintiff's views against the expansion of social welfare programs was tantamount to a disqualifying bias against applicants for benefits of those programs. In truth, Defendants simply object to Plaintiff's viewpoint.

37. Plaintiff filed a grievance with respect to his temporary suspension and the Notice of Discipline, and, pursuant to the CBA, the grievance went to arbitration. The arbitration took place in February 2016.

38. The CBA provides for the resolution of grievances concerning proposed employee discipline, but does not provide for the resolution of grievances concerning employees' constitutional rights, including First Amendment rights.

39. The arbitration took place over two days. On the first day of the arbitration, the arbitrator concluded that he would not hear or consider Plaintiff's defense that the expression of his opinions were protected by the First Amendment.

40. The arbitrator concluded that Plaintiff had engaged in misconduct, but concluded that the proposed discipline of termination was too harsh. The arbitrator concluded that OTDA had just cause for suspending Plaintiff for six months without pay. This determination is currently being challenged in an Article 75 proceeding in New York State court.

41. The arbitrator also concluded that, at the end of the six month suspension, OTDA could offer Plaintiff a job that did not include hearing cases, provided that it was in the New York City metropolitan area and at the same pay grade as his then-current position.

42. On June 1, 2016, Defendant Faresta sent Plaintiff a letter notifying him that, after his six-month suspension was concluded, he would be transferred to another civil service title, Senior Attorney. This letter was sent at the direction of Defendant Roberts and with the approval of the other Defendants.

43. This transfer took place effective July 1, 2016. As a consequence, Plaintiff no longer hears cases, no longer makes recommendations regarding applicants' social welfare program benefits, and no longer has the title of Hearing Officer.

44. Although Plaintiff's current position as Senior Attorney has the same pay level as his position as a Hearing Officer, there are a number of benefits to his previous position of Hearing Officer (like the ability to telecommute) that are now unavailable to Plaintiff.

45. The purpose of the transfer was to discipline Plaintiff for his speech.

46. As a consequence of his suspension, Plaintiff lost valuable seniority benefits, such as layoff bumping rights and leave request priority, as well as other employment benefits.

47. Plaintiff applied for a promotion to SHO in June 2016. He was passed over for this promotion because of the so-called "misconduct" resulting from his speech. Defendants' determination to label Plaintiff's speech as "misconduct" thus caused the failure to promote.

48. The final decision not to promote Plaintiff was made by Defendant Spitzberg, and with the approval of Defendants Roberts and Faresta.

49. Because of the unlawful six-month suspension, Defendants continue to deny Plaintiff various employment benefits to which he is entitled.

<u>Claim For Relief</u>

50. Plaintiff incorporates each of the previous paragraphs of this Complaint.

51. Defendants and OTDA's suspension of Plaintiff for six months without pay, transfer of Plaintiff to the position of Senior Attorney, and failure to promote him because of the "misconduct" of his speech violated Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution.

52. Plaintiff is entitled to injunctive relief against the Defendants sued in their official capacities (all Defendants except Devine) as a consequence of this violation. Specifically, Plaintiff is entitled to an injunction precluding the official capacity Defendants from continuing to deny to Plaintiff the benefits (including but not limited to leave, seniority, insurance, and pension benefits) that would have accrued to him had he not been unlawfully suspended for six months without pay, an order requiring those Defendants to purge any mention of his Facebook posts and the purported finding of "misconduct" from his personnel file and enjoining those Defendants from considering those purged factors in any personnel decision involving Plaintiff

in the future, an order requiring those Defendants to return Plaintiff to the position of Hearing Officer, and/or an order requiring those Defendants to promote Plaintiff to an SHO position.

53. Plaintiff has incurred damages as a consequence of all Defendants' actions, and is entitled to an award of damages against Defendants in their individual capacities. Plaintiff has lost pay and monetary benefits as a consequence of the six-month suspension without pay and the failure to promote him to an SHO position, and has suffered emotional distress.

54. Defendants' viewpoint discrimination is an egregious violation of Plaintiff's First Amendment rights warranting punitive damages.

THEREFORE, Plaintiff seeks judgment:

A. Declaring that the suspension, transfer, and refusal to promote Plaintiff violates the First and Fourteenth Amendments to the United States Constitution;

B. Requiring Defendants to eliminate any finding of "misconduct" from Plaintiff's personnel file and to purge that file of any discussion or mention related to the anonymous complaint regarding Plaintiff's Facebook posts;

C. Enjoining Defendants from continuing to deny to Plaintiff any employment benefits that would have accrued to him had he not been wrongfully suspended without pay;

D. Requiring Defendants to reinstate Plaintiff to the position of Hearing Officer and/or promote him to the position of Supervising Hearing Officer;

E       Enjoining Defendants from considering Plaintiff's speech as "misconduct" in any future personnel decision affecting Plaintiff;

F.      Awarding Plaintiff damages in an amount to be determined at trial;

G.      Awarding Plaintiff punitive damages in an amount to be determined at trial;

H.      Awarding Plaintiff reasonable fees and expenses in accordance with 42 U.S.C. § 1988 and any other appropriate authority; and

I.      Granting Plaintiff any other appropriate remedy.

*/s/ Michael E. Rosman*
Michael E. Rosman (MER-6308)
rosman@cir-usa.org
CENTER FOR INDIVIDUAL RIGHTS
1233 20th St. NW, Suite 300
Washington, DC 20036
(202) 833-8400
Fax: (202) 833-8410

Attorney for Plaintiff