UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SALVATORE DAVI,

                Plaintiff,

      - against -

SAMUEL D. ROBERTS, COMMISSIONER, NEW
YORK STATE OFFICE OF TEMPORARY AND
DISABILITY ASSISTANCE, in his individual and
official capacity; SAMUEL SPITZBERG, DIRECTOR,
OFFICE OF ADMINISTRATIVE HEARINGS, NEW
YORK STATE OFFICE OF TEMPORARY AND
DISABILITY ASSISTANCE, in his individual and
official capacity;  KRISTA ROCK, GENERAL
COUNSEL, NEW YORK STATE OFFICE OF
TEMPORARY AND DISABILITY ASSISTANCE, in
her individual and official capacity; DONNA FARESTA,
DIRECTOR OF HUMAN RESOURCES, NEW YORK
STATE OFFICE OF TEMPORARY AND DISABILITY
ASSISTANCE, in her individual and official capacity;
SHARON DEVINE; ERIC SCHWENZFEIER,

                Defendants.
-------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
16-CV-5060 (RRM) (PK)

ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff Salvatore Davi was employed as a Hearing Officer for the New York Office of

Temporary Assistance.  In October 2015, Davi made various remarks on Facebook regarding his

opinions on social welfare programs.  As a result, Davi was suspended from his position, and

ultimately, his job title was shifted to that of Senior Attorney.  Davi commenced the instant

action alleging violation of his First Amendment rights.  (Compl. (Doc. No. 1).) Before the Court

are three objections to Magistrate Judge discovery orders brought by Davi pursuant to Rule 72(a)

and 28 U.S.C. § 636(a).  For the reasons set forth below, these objections are overruled.

**STANDARD OF REVIEW**

The Court will modify or set aside orders issued by a magistrate judge on non-dispositive pretrial matters where the order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). *See also* 28 U.S.C. § 636(b)(1)(A). "An order is contrary to law where it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006) (quotation omitted).

**DISCUSSION**

**I.      Responses to Request for Admission Number 20**

During the course of discovery, Davi served numerous requests for admission on defendants. In particular, Request Number 20 asked defendants to admit that Davi's Facebook postings were "on a matter of public concern." (First Mot. to Compel Ex. A (Doc. No. 47-1) at 5.) Defendants each objected to this request on the ground that it "impermissibly seeks a legal conclusion." (*Id.*) Davi then moved to compel a response to this request, arguing that Federal Rule of Civil Procedure ("Rule") 36 explicitly allows requests relating to "the application of law to fact." (First Mot. to Compel (Doc. No. 47)); Fed. R. Civ. P. 36(a)(1)(A).

On October 5, 2017, the Honorable Magistrate Judge Kuo held a telephone conference with the parties and conducted oral arguments on the motion. During the call, Judge Kuo denied Davi's motion on the grounds that Request Number 20 sought a legal conclusion. This ruling was memorialized in an October 5, 2017, docket order. Davi now objects to Judge Kuo's order pursuant to Rule 72(a) and 28 U.S.C. § 636(a). (First Objection (Doc. No. 53).)

In his objection, Davi again argues that this type of request for admission is expressly contemplated by Rule 36. Although Davi is correct that Rule 36 does allow requests to be made relating to "the application of law to fact," the question of whether speech addresses a matter of

public concern is a question of law. *Connick v. Myers*, 461 U.S. 138, 148 n.7 (1983) ("The inquiry into the protected status of speech is one of law, not fact."); *Lewis v. Cowen*, 165 F.3d 154, 163 (2d Cir. 1999) ("Whether an employee's speech addresses a matter of public concern is a question of law for the court to decide."). Because Request Number 20 sought a legal conclusion, defendants' objections were appropriate. Therefore, Judge Kuo's denial of Davi's motion to compel was not clearly erroneous or contrary to law. Davi's objections to Judge Kuo's order are overruled.[1]

## II.      Protective Order for the OTDA Commissioner

During discovery, Davi noticed the deposition of Samuel Roberts, the Commissioner of the OTDA. Defendants moved for a protective order pursuant to Rule 26(c). (Mot. for Protective Order (Doc. No. 48).) Defendants argued that Davi failed to adequately allege that Commissioner Roberts was personally involved in any of the challenged employment actions in the case, and that high-ranking officials are immune from being deposed unless they have relevant personal knowledge that cannot be obtained from any other source.

During the October 5, 2017 telephone conference, oral argument was held on defendants' motion. During the call, Judge Kuo denied the motion, but said that if defendants could show that Commissioner Roberts had no knowledge of Davi's case, then the issue could be revisited. On October 10, 2017, defendants again moved for a protective order and submitted an affidavit from Commissioner Roberts stating that he had no role in any employment decisions related to Davi, and did not remember having any conversations regarding those decisions. (Second Mot. for Protective Order (Doc. No. 51).)

---

[1] Davi also objects on the grounds that Judge Kuo's decision cannot be effectively reviewed because no rationale was given in her minute order. The rationale was discussed during the telephone conference during which Davi's counsel was present.

In an October 16, 2017, order, Judge Kuo postponed Commissioner Roberts' deposition, and gave defendants leave to supplement their motion with testimony from other upcoming depositions. On October 23, 2017, defendants supplemented their motion with testimony from the OTDA's Executive Deputy Commissioner, General Counsel, and Director of the Office of Administrative Hearings, each of whom testified that Commissioner Roberts was not involved in any employment decisions regarding Davi, and none of them had communicated with him on the subject. (Supplemental Mot. (Doc. No. 54).) Based on this supplemental motion, Judge Kuo granted defendants' request for a protective order. Davi now objects to Judge Kuo's order pursuant to Rule 72(a) and 28 U.S.C. § 636(a). (Second Objection (Doc. No. 57).)

Davi first argues that Judge Kuo erred in failing to treat defendants' second motion for a protective order as a motion for reconsideration. According to Davi, defendants should have been required to show that the newly obtained evidence upon which their renewed motion was made could not have been discovered earlier with due diligence. This argument is without merit. Defendants' second motion was not a "motion for reconsideration." In fact, Judge Kuo explicitly gave defendants leave to present additional evidence so that the motion could be revisited.

Next, Davi argues that because Commissioner Roberts is being sued in both his official and individual capacities, he should not be permitted to evade deposition simply by claiming that he was not involved in any challenged conduct.[2] Davi is incorrect. High-ranking government officials, such as Commissioner Roberts, should not be subject to deposition unless plaintiff can show that they possess unique relevant personal knowledge, not obtainable through other, less burdensome, means of discovery. *Murray v. Cty. of Suffolk*, 212 F.R.D. 108, 109 (E.D.N.Y.

---

[2] Davi suggests that the proper avenue for a party who claims not to have been involved in a case is to move for summary judgment. The Court notes that defendants have requested a pre-motion conference in anticipation of filing such a motion.

2002); *Marisol A. v. Giuliani*, No. 95-CV-10533 (RJW), 1998 WL 132810, at *2–3 (S.D.N.Y. Mar. 23, 1998). In light of the affidavit from Commissioner Roberts, and the deposition testimony mentioned above, Davi has failed to meet this burden.

Davi argues that this protection for high-ranking government officials should not apply to cases in which the official is sued in his individual capacity. However, he cites no authority for this proposition, and the Court declines to adopt it. Therefore, Judge Kuo's decision to issue a protective order was not clearly erroneous or contrary to law, and Davi's objections to Judge Kuo's order are overruled.

### III. Privilege Waiver

Davi claims defendants waived their attorney client privilege with respect to certain documents sought by Davi. Specifically, Davi's Request Number 1 asked for "[a]ll documents concerning Plaintiff." (Mot. to Compel Ex. 1 (Doc. No. 56-1) at 2.) Defendants objected to this request on several grounds, including that it sought the production of privileged documents. (*Id.*) Request Number 2 asked for documents concerning Davi's transfer of duties and his suspension from his position at OTDA. (*Id.* at 3.) Defendants did not make objections specific to this request. (*Id.*) Defendants later delivered a privilege log to Davi, detailing documents that were being held due to attorney-client privilege, including those responsive to Request Number 2.

Davi then moved to compel the production of the documents on the privilege log on the ground that defendants had waived all objections to Davi's requests, including privilege. (Second Mot. to Compel (Doc. No. 56).) On November 3, 2017, Judge Kuo ruled that defendants had not waived privilege with respect to these documents, and ordered Davi to provide specific objections to the items withheld on the privilege log. Davi now objects to Judge Kuo's order pursuant to Rule 72(a) and 28 U.S.C. § 636(a). (Second Objection (Doc. No. 60).)

Defendants have not waived attorney-client privilege. Defendants preserved their ability to assert attorney-client privilege over documents by making those objections in the privilege log. Furthermore, Davi was given – and availed himself of – an opportunity to fully brief why he should be entitled to withheld documents. Thus, Judge Kuo's determination that defendants did not waive privilege was not clearly erroneous or contrary to law, and Davi's objections to Judge Kuo's order are overruled.

## CONCLUSION

For the reasons set forth herein, Davi's Rule 72 objections to Magistrate Judge Kuo's orders are overruled in their entirety.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
      September 26, 2018

_____
ROSLYNN R. MAUSKOPF
United States District Judge