UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Salvatore Davi, | **MEMORANDUM & ORDER** |
| Plaintiff, | **NOT FOR PUBLICATION** |
| – against – | 16-cv-5060 (ERK) |
| Samuel D. Roberts, Commissioner, New York State Office of Temporary and Disability Assistance, in his individual and official capacity, *et al.*, | |
| Defendants. | |

KORMAN, *J.*:

Plaintiff Salvatore Davi moves for reconsideration of my order granting his motion for summary judgment. I held that defendants violated Davi's First Amendment rights and that he was entitled to reinstatement as an administrative law judge. *Davi v. Roberts*, --- F. Supp. 3d ---, 2021 WL 810282 (E.D.N.Y. Mar. 3, 2021). Davi argues that I overlooked his requests for equitable relief to (1) remove references to his suspension from his personnel file and (2) restore his seniority and other benefits as though he had not been suspended. Defendants "take no position" on Davi's first request and oppose the restoration of seniority and benefits as barred by the Eleventh Amendment.

This motion arises from an apparent misunderstanding of my earlier opinion, in which I granted Davi's motion for partial summary judgment. *Davi*, 2021 WL

1

810282, at *11.  Defendants' summary judgment briefs did not differentiate between the various types of equitable relief that Davi requested.  They argued only that Davi's First Amendment rights were not violated and, in the alternative, that the individual defendants were entitled to qualified immunity.  *See* ECF Nos. 93, 99.  The parties therefore appeared to agree that Davi's requests for equitable relief rose or fell with whether his rights had been violated.  I concluded that defendants had violated Davi's constitutional rights, explained that he was entitled to equitable relief, and directed the parties to confer on "a proposed order reinstating Davi as an administrative law judge."  *Davi*, 2021 WL 810282, at *11.  My hope was that the parties would understand—as defendants now concede—that the holding on defendants' constitutional violation was "the current law of the case" and that they would confer in good faith on an order to effectuate that holding.  ECF No. 117-2 at 1 n.3.  If not, the parties could submit competing proposals for my consideration to remedy the constitutional wrong I had identified.  That was the appropriate time to litigate the appropriate scope of equitable relief.

The parties could not agree and submitted dueling proposed orders, which differed on whether Davi would immediately be reinstated or if instead he would need to wait until defendants' appeal was resolved.  I entered Davi's proposal on March 24, which "reinstated [him] to the position of Hearing Officer, G-25" and ordered that he be assigned to hear cases by April 23, 2021.  ECF No. 109.  I also

denied a stay pending appeal. *Id.* Defendants filed a notice of appeal the next day and requested a stay from the Court of Appeals so that Davi would not hear cases until the appeal was resolved. Judge Sullivan denied a temporary stay. *See Davi v. Hein*, No. 21-719, Dkt 28 (2d Cir. Apr. 1, 2021). Before a panel of the Second Circuit acted on the stay request, the parties stipulated that Davi would not be assigned hearings until the appeal was decided and defendants accordingly withdrew their request for a stay. ECF Nos. 114, 115. That stipulation confirmed that Davi "will be subject to the same general rules and policies, including all terms, conditions, and benefits of employment" that apply to other hearing officers, pending the Second Circuit's resolution of the merits of defendants' appeal. *Id.*[1]

---

[1] I had jurisdiction to enter that stipulation (which superseded the first order I entered) under Fed. R. Civ. P. 59(e), which gives parties 28 days to file a motion to alter or amend the judgment. *See Lichtenberg v. Besicorp Grp.*, 204 F.3d 397, 401 (2d Cir. 2000) (observing that the parties may move to alter or amend an injunction under Fed. R. Civ. P. 59(e)).

Defendants filed that stipulation 22 days after I entered Davi's proposed order, and thus it was timely. Although the stipulation was filed after the notice of appeal, I retained jurisdiction to enter it. *See Smith v. City of N.Y.*, 2014 WL 2575778, at *1 n.1 (S.D.N.Y. June 9. 2014) (explaining that a district court retains jurisdiction over a motion for reconsideration "even when the motion for reconsideration is filed *after* the notice of appeal") (citing Fed. R. App. P. 4, advisory comm. note to 1993 amends.).

I have jurisdiction to rule on this motion for a similar reason. The one wrinkle is that Davi failed to timely *file* his motion, as required by Rule 59(e), even though he timely served it on defendants and filed his cover letter on the docket. ECF No. 111. Indeed, although my individual rules contain a "bundling" rule ordinarily requiring parties to delay filing until a motion is

3

Defendants do not dispute that Davi is entitled to "removal of references to his suspension from his personnel file under the current law of the case." ECF No. 117-2 at 1 n.3. They argue, however, that I should await the Second Circuit's ruling on appeal because it "could be dispositive of the instant motion for reconsideration" and would thus serve "judicial economy" to wait. I decline to do so. I previously rejected a stay pending appeal precisely because the ongoing violation of Davi's rights constituted irreparable injury. ECF No. 109 (citing *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). Similarly here, the placement of a "notation in a state agency employee's personnel file" in response to his protected speech has "a chilling effect, which is legally cognizable, upon [his] exercise of free speech." *Lieberman v. Reisman*, 857 F.2d 896, 900 (2d Cir. 1988) (internal citation omitted). Davi

---

fully briefed, they contain an exception if a party "concludes in good faith that delaying the filing of a motion . . . will deprive the party of a substantive right under the rules of civil or appellate procedure."

Still, the Supreme Court has recently clarified that the time limits in the federal rules are only jurisdictional if mandated by statute. *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17–18, 20–21 (2017). The time for filing a Fed. R. Civ. P. 59(e) motion is not set by statute. Since defendants failed to raise the untimeliness of Davi's motion, they have accordingly forfeited the argument. *See Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1849 (2019) ("an objection based on a mandatory claim-processing rule may be forfeited if the party asserting the rule waits too long to raise the point") (internal quotation omitted); *Weitzner v. Cynosure, Inc.*, 802 F.3d 307, 311 (2d Cir. 2015); *Blue v. Int'l Brotherhood of Elec. Workers Local Union 159*, 676 F.3d 579, 584–85 (7th Cir. 2012).

continues to be harmed by the references to the suspension in his personnel file, and defendants will therefore be enjoined to remove them.

Davi also seeks an increase in his seniority and other benefits to the same level he would have attained if he had not been suspended. Defendants argue that granting such relief would violate sovereign immunity because it is the equivalent of compensatory relief against the state for past harms. I agree with defendants.[2]

The Supreme Court has drawn "an important distinction between claims against government officials seeking 'retroactive award[s]' of equitable restitution and those seeking 'prospective' decrees compelling the defendants to conform their conduct to a legal mandate." *Dotson v. Griesa*, 398 F.3d 156, 178 (2d Cir. 2005) (citing *Edelman v. Jordan*, 415 U.S. 651, 668 (1974)). Relief is barred when it "is tantamount to an award of damages for a past violation of federal law, even though styled as something else." *Papasan v. Allain*, 478 U.S. 265, 278 (1986). "On the other hand, relief that serves directly to bring an end to a present violation of federal law is not barred by the Eleventh Amendment even though accompanied by a substantial ancillary effect on the state treasury." *Id.* "In discerning on which side of the line a particular case falls, [courts] look to the substance rather than to the

---

[2] Defendants may raise this argument now even though they failed to do so earlier. *See Edelman v. Jordan*, 415 U.S. 651, 677–78 (1974) (permitting defendants to raise sovereign immunity for the first time on appeal); *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 238 (2d Cir. 2006).

5

form of the relief sought." *Id.* Thus, in *Edelman*, the Supreme Court concluded that sovereign immunity precluded an award of withheld benefits but permitted equitable relief to reinstate plaintiffs to the welfare rolls. 415 U.S. at 664, 678. Similarly, the Second Circuit has held that an employee's reinstatement is not forbidden by sovereign immunity because it is "purely prospective injunctive relief that orders the state official to return the former employee to the state's payroll," even though an award of backpay from state coffers is barred. *Dotson*, 398 F.3d at 178 (internal quotation omitted).

What Davi requests is closer to an award for past harms. For example, he seeks an order directing the state to provide him pension credit for the period in which he was suspended. ECF No. 117-3 at 4–5. As Davi explains, that adjustment would not require the state to spend money now. It would instead allow him to retire and receive benefits six months sooner than he would without such an order. While it is true that Davi would not receive that monetary benefit until some future time, the First Circuit has persuasively explained that the restoration of service credit "would in essence serve to compensate [plaintiff] for past injury" and was therefore barred. *Whalen v. Mass. Trial Court*, 397 F.3d 19, 30 (1st Cir. 2005). "Even as a matter of vocabulary, the 'restoration' of credit is designed to give him back something he lost when he was terminated unlawfully." *Id.* Although reinstatement is also a "restoration" of sorts, it requires the state to make payment only for a

6

plaintiff's *future* work.  *See State Emps. Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 97–98 (2d Cir. 2007).  The Second Circuit has therefore distinguished between claims for reinstatement, which do not violate sovereign immunity, and claims for "lost wages, backpay, or retroactive benefits," which are barred.  *Id.* (citing *Doe v. Lawrence Livermore Nat'l Lab'y*, 131 F.3d 836, 841 (9th Cir. 1997)).  Restoration of pension credits for the period of his suspension falls more clearly into the latter category and is therefore unavailable against the defendants in their official capacities.

Davi's request for restoration of seniority credit is similarly unavailing.  Davi seeks to receive the seniority he would have accrued but for the period of his unpaid suspension, which would allow him to receive a corresponding increase in present and future benefits and would provide added protection from future layoffs.  ECF No. 117-3 at 3, 5.  This relief would likewise "in essence serve[] to compensate a party injured in the past" for an unlawful act, which is "barred even when the state official is the named defendant."  *Papasan*, 478 U.S. at 278; *Whalen*, 397 F.3d at 29–30.  As with the pension credit, this request is the functional equivalent of retroactive compensation: it would give Davi more job security and higher benefits for a period in which he was unlawfully suspended.  *Id*.

I see no reason, however, why Davi may not pursue the monetary value of these deprivations from appropriate defendants who are sued in their individual capacities. *See Davi*, 2021 WL 810282, at \*9–10.

## **CONCLUSION**

Davi's motion for reconsideration is granted in part and denied in part. A supplemental order will be filed with this opinion.

**SO ORDERED.**

*Edward R. Korman*

Brooklyn, New York
May 28, 2021

Edward R. Korman
United States District Judge